IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REINA RAMOS, | ) | Case No. 1:16-CV-2196 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Plaintiff Reina Ramos filed a complaint challenging the final decision of the Commissioner of Social Security, denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.* The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, the undersigned recommends that plaintiff's IFP application be DENIED.

I.      **Relevant Background**

On September 1, 2016, plaintiff, through counsel, filed a complaint challenging the April 27, 2015 final decision of the Commissioner denying her application for disability insurance benefits. (Doc. 1) Plaintiff also filed a motion to proceed IFP. (Doc. 2) However, plaintiff's IFP application is self-contradictory. In paragraph 4 of her application, plaintiff represents that she has been working for 3M from 1996 to present with a gross monthly income of $2,400.00.

In paragraph 5, she represents that her spouse has been working at Alcoa, Inc. from 1996 to present with a monthly income of $3,192.00.  Contrary to these representations, in paragraph 2 of her affidavit, plaintiff represents that she has no monthly income.  Because these representations appear to be self-contradictory, the undersigned issued an order on September 2, 2016 requiring plaintiff to resubmit a complete and accurate IFP including a clarification of the plaintiff's monthly income.  In addition, at the direction of the undersigned, court staff sent an email to plaintiff's counsel in an effort to determine whether plaintiff intended to submit a clarified IFP affidavit in place of the ambiguous one.  No response has been received.  Accordingly, plaintiff has failed to comply with the undersigned's September 2, 2016 order and/or to otherwise clarify the contradictions in her IFP application.

## II.     Law & Analysis

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1).  The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.* 21 F.App'x 239, 240 (6th Cir. 2001), citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2nd Cir. 1988).  Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse or other family members," as well as equity in

real estate and automobiles.  *Helland v. St. Mary's Duluth Clinic Health Sys.,* No. 10-31, 2010 WL 502781, *1, n. 1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.,* No. 12-CV-14424, 2012 WL 5457466, *2, (E.D. Mich. Oct. 16, 2012); *see also*, *Reynolds v. Crawford,* No. 1:01-cv-877, 2009 WL 3908911, *1 (S.D. Ohio Nov. 17, 2009)  It is within the court's discretion whether to allow a litigant to proceed IFP.  *Foster,* 21 Fed. Appx. at 240.

As explained above, plaintiff's IFP application contains contradictory information regarding her monthly income.  Contrary to the undersigned's September 2nd order, plaintiff has not resubmitted her application or otherwise clarified the apparent contradiction regarding her monthly income.  For this reason, the undersigned recommends that plaintiff's IFP application be DENIED and that she be required to pay the fee associated with the filing of her complaint within 20 days of the court's order.

Dated: September 16, 2016

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).